UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00079-TBR

HAROLD C. CHANDLER                                                                     PLAINTIFF

v.

LT. HAWKINS, *et al.*                                                                 DEFENDANTS

**Memorandum Opinion and Order**

This matter is before the Court upon Defendants' motion to dismiss Plaintiff Harold Chandler's *pro se* complaint. [DN 14.] The Court ordered Chandler to respond to Defendants' motion by February 13, 2017. [DN 17.] He did not. Defendants' motion is therefore ripe for adjudication. For the following reasons, the Court will GRANT Defendants' motion.

**I. Facts and Procedural History**

Plaintiff Harold Chandler is an inmate who was once housed at the Kentucky State Penitentiary (KSP) in Eddyville, Kentucky. Accepting Chandler's well-pleaded factual allegations as true, on September 10, 2015, inmates on Chandler's walk began using their toilets to flood their cells. [DN 1 at 6.] Chandler denies that he was one of the inmates responsible for the flooding. [*Id.*] KSP officials responded to the situation, and Lieutenant Hawkins ordered that all inmates on the walk have their property confiscated. [*Id.*] After KSP shut off the water in the offending cells, Chandler and his fellow inmates were stripped naked and put back in their cells. [*Id.* at 7.]

Throughout the next few hours, Chandler repeatedly asked prison officials to flush the still-soiled toilets, but they refused. [*Id.* at 7-11.] Chandler's complaint is unclear regarding when the water was turned back on, but for at least some amount of time, Chandler was without drinking water and a functioning toilet. [*Id.*] Chandler was also unable to wash his hands before meals, even though he had been in contact with contaminated water. [*Id.*] Additionally, the temperature dropped during the nights immediately following the flooding incident, causing Chandler to be cold and sick. [*Id.* at 8-9.] Chandler's property and clothes were returned on September 14, four days after the flooding. [*Id.* at 11.] He was not permitted to clean his cell until September 23. [*Id.*]

Chandler filed the instant suit. He alleges that Defendants, various prison officials, violated his Eighth Amendment right to be free from cruel and unusual punishment by turning off the water to his cell, forcing him to sleep naked in cold weather, requiring him to remain in unsanitary conditions, and by depriving him of exercise and proper nutrition.[1] [*Id.* at 12.] His complaint names Defendants in only their individual capacities. [*Id.* at 2-3.]

## II. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Civil Rule 12(b)(6), a party must "plead enough factual matter to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship*

---

[1] Particularly, Chandler named as defendants Lieutenant Hawkins, Lieutenant Kembal, Senior Captain William Thomas, Unit Administrator William Thomas, Unit Administrator Shea Holliman, Deputy Warden Ford, and Warden Randy White. [DN 1 at 2-3.]

*v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79).

### III. Discussion

Defendants claim that Chandler's claims are barred by 42 U.S.C. § 1997e, the Prison Litigation Reform Act (PLRA). The PLRA requires a prisoner to exhaust all available administrative remedies before filing any action "with respect to prison conditions" under 42 U.S.C. § 1983 or any other federal law. 42 U.S.C. § 1997e(a). That exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *accord Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). Exhaustion is mandatory and the remedies provided "need not meet federal standards, nor must they be 'plain, speedy, or effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth v.*

3

*Churner*, 532 U.S. 731, 739 (2001)). "Proper exhaustion demands compliance with [the prison's] deadlines and other critical procedural rules," *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), and so "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion," *Jones v. Bock*, 549 U.S. 199, 218 (2007); *accord Lee v. Wiley*, 789 F.3d 673, 677 (6th Cir. 2015).

Here, Defendants are entitled to dismissal of Chandler's suit because they have shown that he failed to exhaust the administrative remedies available to him at KSP. Chandler, a "prisoner" as defined by the PLRA, was required to exhaust his Eighth Amendment claims using KSP's grievance procedures before bringing this suit. 42 U.S.C. §§ 1997e(a), (h); *Richmond v. Settles*, 450 F. App'x 448, 456-57 (6th Cir. 2011) (prisoner's Eighth Amendment conditions of confinement claim could have properly been dismissed because he failed to exhaust administrative remedies). Of course, an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues. *See Ross v. Blake*, ___ U.S. ___, 136 S.Ct. 1850, 1858-62 (2016); *Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006); *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004). But pursuant to KSP's Inmate Grievance Procedure (IGP) Chandler's complaints regarding prison conditions and officials are indeed grievable. [DN 14-2 at 2.][2]

---

[2] On a motion to dismiss, the Court may consider the plaintiff's complaint, as well as documents outside the pleadings that "are referred to in the plaintiff's complaint and are central to [his] claim[s]." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (citation and internal quotation marks omitted). Here, Chandler references the IGP as well as his grievances in his complaint, and these items are central to his claims, so the Court may consider them without converting Defendants' motion into one for summary judgment.

Chandler filed three grievances following the flooding incident. In the first, Grievance No. 15-09-085-G, Chandler complained that he was stripped of his property during the cold weather and was deprived of water to his cell. [DN 1-1 at 4.] He requested that Lieutenant Hawkins be suspended without pay or be assigned to work in the guard tower. [*Id.*] That grievance was rejected because Chandler asked for inappropriate action to be taken. [*Id.* at 2; *see* DN 14-2 at 8 (allowing Grievance Coordinator to reject noncompliant grievance).] Chandler did not re-file his grievance in an appropriate manner. As this Court has previously noted, failure to re-file a rejected grievance does not constitute exhaustion of administrative remedies. *Grimes v. Aramark Correctional Servs. Co.*, No. 5:10-CV-43, 2011 WL 4453154, at *2 (citing *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011)).

Chandler's second grievance, 15-09-086-G, was based upon KSP's failure to flush his toilet and its requirement that he eat his meals in the unsanitary conditions of his cell. [DN 1-1 at 11.] This grievance was rejected as well because it was related to the flooding incident which formed the basis of a disciplinary report against Chandler. [*Id.* at 8.] As such, Chandler was required to seek relief through the adjustment committee process. [*Id.*] However, following the disciplinary proceedings, he did not pursue a timely administrative appeal to the warden, as KSP's Adjustment Procedures and Programs required him to do. *See* [DN 14-3; DN 14-4.] This grievance was not administratively exhausted, either.

Finally, Chandler filed Grievance No. 15-09-087-G. *See* [DN 1-1 at 7.] There, he states that he was refused a shower by a correctional officer named either "Gray" or "Bray." [DN 1-1 at 7.] No such person is named as a defendant in this suit. Additionally, this third grievance was also rejected because Chandler asked for the improper sanction of suspension or reassignment. [*Id.* at 5.] This grievance, like the first, was never re-filed in an appropriate form. Chandler filed no grievance regarding his claims of inadequate exercise and nutrition.

In sum, as to each of his four Eighth Amendment claims, Chandler either filed a procedurally faulty grievance, a grievance not germane to this case, or no grievance at all. Defendants have met their burden of showing that Chandler failed to "complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation omitted); *Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 467 (6th Cir. 2010). Therefore, the Court will dismiss Chandler's claims without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006) ("It is well established . . . that the appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice.") (citations omitted); *Brock-Butler v. Parker*, No. 5:14-CV-000210-TBR, 2016 WL 3676769, at *3-4 (W.D. Ky. July 6, 2016) (dismissing without prejudice inmate's excessive force claims for failure to exhaust administrative remedies). The Court also notes that despite its prior Order, Chandler did not respond to Defendants' motion to dismiss, and appears uninterested in further prosecuting his case.

## IV. Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED:

Defendants' motion to dismiss [DN 14] is GRANTED. All claims against Defendants are DISMISSED WITHOUT PREJUDICE.

An appropriate order and judgment will follow.

CC: Counsel of Record
Plaintiff, *pro se*